[No. G038038. Fourth Dist., Div. Three. Dec. 7, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
OMAR MOUSSABECK, Defendant and Appellant.

## Counsel

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Steve Oetting and Lise S. Jacobsen, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

O'LEARY, J.—Omar Moussabeck appeals from his conviction on one count of misdemeanor child abuse (Pen. Code, § 273a, subd. (b)),[1] and one count of felony inflicting physical injury on a child (§ 273d, subd. (a)). He contends the trial court had a sua sponte duty to instruct the jury on misdemeanor child abuse as a lesser included offense of felony inflicting physical injury on a child. We conclude there was no such duty and affirm the judgment.

### FACTS

On July 22, 2006, Moussabeck's 17-year-old daughter saw him driving her brother's truck. She drove up next to her father and said he should not be

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

driving the truck because the brakes were bad. He yelled at her for "mouth[ing] off" at him. Later, the daughter received a telephone call from Moussabeck telling her to come home immediately. She complied, but was afraid because Moussabeck sounded angry. When they arrived at the house, the daughter gave her younger sister her cell phone and told her to call the police if anything happened.

When his daughter came in the house, Moussabeck began yelling at her and warned her to not "mouth off." He slapped and punched her in the face 10 to 15 times. Moussabeck choked his daughter for about 10 seconds, squeezing hard and hurting her. When his daughter fought back, Moussabeck got angrier. He threw his daughter on the ground, got on top of her, struck her in the face again, and choked her again. While her father was choking her, the daughter could not breathe or speak, and she "saw stars." Moussabeck got off his daughter, punched or kicked her in the head, and told her to " 'get out of [his] sight.' "

Moussabeck's daughter ran upstairs to get her sister, who was on the phone with the police. Fearing her father would get angrier about having called the police, the daughter grabbed the phone from her sister and told the dispatcher it was a false alarm. When the dispatcher questioned why she was " 'crying hysterically,' " Moussabeck's daughter implored, "[p]lease don't come" and hung up the phone. The two girls snuck down the stairs and fled the house.

Officer Jarrod Frahm responded to the 911 call. When he questioned Moussabeck at the house, Moussabeck admitted he and his daughter had a physical altercation. Frahm called the daughter on her cell phone and met with her. The daughter had reddish handprint marks on the sides of her neck, a cut on her cheek, and a bruised eye with blood in the corner of her eye. She was taken to the hospital and examined. Afterwards, she had bruises all over her body, pain, and difficulty swallowing.

Dr. Federick Bruhn, Medical Director of the Child Abuse Services Team, testified Moussabeck's daughter's injuries were consistent with strangulation. Moussabeck's act of strangulation was severe because his daughter "saw stars," and had pain and difficulty swallowing afterwards. Although the resulting injuries to Moussabeck's daughter were relatively mild, and not permanent, Bruhn testified the risks of such a severe strangulation were stroke and permanent brain damage. The risks of injury from head trauma due to multiple blows with a fist included skull fracture, retinal detachment, hematomas, and contusions.

Moussabeck testified in his defense. He was disciplining his daughter for her bad manners and while doing so, put one hand against her neck and held

her against the door. She then began fighting him and all his acts thereafter were to get her to stop fighting him. When she finally said "I give up," he pulled her up by the hair, struck her on the back of the head, and told her to get out of his sight. Moussabeck was a medical doctor. He conceded he knew about human anatomy and understood the dangers of grabbing someone by the throat and applying pressure.

Moussabeck was charged with three felony counts: child abuse in violation of section 273a, subdivision (a) (count 1); inflicting physical injury on a child in violation of section 273d, subdivision (a) (count 2); and unlawful taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a) (count 3). On count 1, the jury was instructed on felony child abuse (§ 273a, subd. (a)), and misdemeanor child abuse (§ 273a, subd. (b)), as a lesser included offense to felony child abuse. On count 2, the jury was instructed on felony inflicting physical injury on a child (§ 273d, subd. (a)), and simple assault and simple battery as lesser included offenses to felony inflicting physical injury on a child.

The jury found Moussabeck guilty of misdemeanor child abuse (§ 273a, subd. (b)) on count 1, and felony inflicting physical injury on a child (§ 273d, subd. (a)) on count 2. Moussabeck was found not guilty on count 3, unlawful taking of a vehicle. The court suspended imposition of sentence and placed Moussabeck on four years' formal probation.

## DISCUSSION

■ Moussabeck contends the trial court had a sua sponte duty to instruct the jury on misdemeanor child abuse, in violation of section 273a, subdivision (b), as a lesser included offense of section 273d, felony inflicting physical injury on a child. We conclude the former is not a lesser included offense of the latter and, thus, there was no error.

■ In criminal cases, the trial court has a sua sponte obligation to instruct the jury on "lesser included offenses if the evidence 'raises a question as to whether all of the elements of the charged offense are present and there is evidence that would justify a conviction of such a lesser offense. [Citations.]' [Citation.]" (*People v. Lopez* (1998) 19 Cal.4th 282, 287–288 [79 Cal.Rptr.2d 195, 965 P.2d 713].) Two tests—the elements test and the accusatory pleading test—are applied when considering whether a lesser offense is necessarily included in a charged offense. Under the elements test, "if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former. [Citations.]" (*Id.* at p. 288.) "Under the accusatory pleading test, a lesser offense is included within the greater charged offense ' "if the charging allegations of the accusatory pleading

include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed." [Citation.]' [Citations.]" (*Id.* at pp. 288–289.)

Sections 273a and 273d have been described as " 'related statute[s]' " (*People v. Sargent* (1999) 19 Cal.4th 1206, 1219 [81 Cal.Rptr.2d 835, 970 P.2d 409] (*Sargent*)). Two published cases have held felony child abuse under section 273a, subdivision (a), is not a lesser included offense of inflicting physical injury on a child under section 273d. (*People v. Lofink* (1988) 206 Cal.App.3d 161, 166 [253 Cal.Rptr. 384] (*Lofink*); *People v. Sheffield* (1985) 168 Cal.App.3d 158, 163 [214 Cal.Rptr. 40] (*Sheffield*), overruled on other grounds in *People v. Flood* (1998) 18 Cal.4th 470 [76 Cal.Rptr.2d 180, 957 P.2d 869].) Moussabeck asserts neither case is persuasive because in both the defendants conceded the two statutes involved different crimes with "different elements and neither is a lesser included offense of the other." (*Lofink, supra,* 206 Cal.App.3d at p. 166; see also *Sheffield, supra,* 168 Cal.App.3d at p. 163.) We are nonetheless satisfied the courts' observations were correct. Child abuse under section 273a (felony or misdemeanor) is not a necessarily included lesser offense of inflicting physical injury on a child under section 273d.

■ Under the elements test, comparing the statutory elements of the two offenses, misdemeanor child abuse is not a necessarily included lesser offense of inflicting physical injury on a child. Section 273a defines both felony and misdemeanor child abuse. The criminal acts proscribed by section 273a are: (1) willfully causing or permitting any child to suffer, or (2) inflicting thereon unjustifiable physical pain or mental suffering, or (3) having the care or custody of any child, willfully causing or permitting the person or health of such child to be injured, or (4) willfully causing or permitting such child to be placed in such situation that his or her person or health is endangered. If the act is done under circumstances or conditions likely to produce great bodily injury or death, it is a felony (§ 273a, subd. (a)); if not, the offense is a misdemeanor (§ 273a, subd. (b)). (*Sargent, supra,* 19 Cal.4th at p. 1215.) Misdemeanor child abuse (§ 273a, subd. (b)), is a lesser included offense of felony child abuse (§ 273a, subd. (a)), and the jury was so instructed in this case. (*Lofink, supra,* 206 Cal.App.3d at pp. 168–169.)

■ Section 273d, subdivision (a), felony infliction of physical injury upon a child, provides, "Any person who willfully inflicts upon a child any cruel or inhuman corporal punishment or an injury resulting in a traumatic condition is guilty of a felony . . . ." Causing a "traumatic condition," means the infliction of "a wound or other abnormal bodily condition resulting from the application of some external force. [Citation.]" The jury was instructed on

misdemeanor assault and battery as lesser included offenses of felony inflicting physical injury on a child. (*People v. Thomas* (1976) 65 Cal.App.3d 854, 857 [135 Cal.Rptr. 644].)[2]

■ Sections 273a and 273d have different elements. The former criminalizes child endangerment or the unjustifiable infliction of pain or suffering upon a child, while the latter criminalizes the infliction of a traumatic condition (i.e., physical injury) upon a child. Moussabeck contends that when one inflicts a physical injury upon a child, he necessarily inflicts physical pain or mental suffering, i.e., injury "equates" to pain and suffering. Although that may often be the case, we cannot say that is necessarily *always* the case. And just because the same act of child abuse under any given set of circumstances is criminal under both sections 273a and 273d, does not mean the former is a lesser included offense of the latter. ■ A defendant may be charged with and convicted of multiple offenses based upon the same act or course of conduct (§ 954), although he may not be punished more than once (§ 654).

Under the accusatory pleading test, the result is the same. Count 1 of the information, violation of section 273a, subdivision (a), alleged Moussabeck "under circumstances and conditions likely to produce great bodily harm and death, did willfully and unlawfully injure, cause, and permit a child to suffer, and inflict unjustifiable physical pain *and* mental suffering on JANE DOE, a child." (Italics added.) Count 2, violation of section 273d, subdivision (a), alleged Moussabeck "did willfully and unlawfully inflict cruel and inhuman corporal punishment *and* an injury resulting in a traumatic condition upon JANE DOE, a child." (Italics added.)

■ Moussabeck concedes when the accusatory pleading describes the crime in its statutory language, but in the conjunctive (e.g., inflicted physical pain *and* mental suffering; inflicted corporal punishment *and* an injury), the allegation is treated as being in its statutory disjunctive. As noted in *People v. Lopez* (2005) 129 Cal.App.4th 1508, 1532–1533 [29 Cal.Rptr.3d 586], "[w]hen a crime can be committed in more than one way, it is standard practice to allege in the conjunctive that it was committed every way. Such allegations do not require the prosecutor to prove that the defendant committed the crime in more than one way. [Citation.]" In such cases only the statutory elements test is relevant in determining if an uncharged crime is a lesser included offense of that charged. (*Id.* at p. 1533; see also *People v. Licas* (2007) 41 Cal.4th 362, 366 [60 Cal.Rptr.3d 31, 159 P.3d 507] [where allegations in information tracked statutory language only elements test applied].)

---

[2] We also note the bench notes to CALCRIM No. 822 ("Inflicting Physical Punishment on Child") of the Judicial Council of California Criminal Jury Instructions (2007–2008) list attempted infliction of corporal punishment, simple assault, and simple battery as the lesser included offenses, and state that misdemeanor child abuse is not a lesser included offense.

As already discussed, under the elements test, section 273a is not a lesser included offense of section 273d. In view of this conclusion, we reject Moussabeck's contention his trial counsel was incompetent for having failed to request an instruction on misdemeanor child abuse (§ 273a, subd. (a)) on count 2. The jury was properly instructed on the misdemeanors of simple assault and simple battery as lesser included offenses of section 273d. If the jury was not convinced beyond a reasonable doubt that Moussabeck was guilty of violating section 273d in count 2, it could have convicted him on one of those lesser included offenses. It did not.

## DISPOSITION

The judgment is affirmed.

Rylaarsdam, Acting P. J., and Fybel, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 12, 2008, S159094. Moreno, J., did not participate therein.