Filed 6/15/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RYAN JAMES GARRETT,<br><br>    Defendant and Appellant. | H041927<br>(Santa Cruz County<br> Super. Ct. No. F26308) |

Defendant Ryan James Garrett appeals from the denial of his petition for resentencing under Proposition 47. In February 2014, defendant and another person entered a convenience store with a stolen credit card and attempted to buy gift cards valued at $50. Defendant pleaded no contest to commercial burglary under Penal Code section 459.

In December 2014, defendant petitioned for resentencing on the ground that Proposition 47 made the offense a misdemeanor under Penal Code section 459.5 (shoplifting). The trial court denied the petition on the ground that defendant was not eligible for resentencing because he had entered the convenience store with the intent to commit felony identity theft under Penal Code section 530.5.

We hold that entering a commercial establishment with the intent to use a stolen credit card to purchase property valued at no more than $950 constitutes shoplifting, a misdemeanor under subdivision (a) of Penal Code section 459.5. Furthermore, subdivision (b) of Penal Code section 459.5 provides that "[a]ny act of shoplifting as defined in subdivision (a) *shall be charged as shoplifting*." (Pen. Code, § 459.5,

subd. (b), italics added.)  On these grounds, we conclude defendant is eligible for resentencing under Proposition 47.  Accordingly, we will reverse the trial court's denial of the petition.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts of the Offense*[1]

Defendant and Emily Mattern drove a red BMW to a QuikStop convenience store around 2 a.m.  Police, who had an arrest warrant for Mattern, had been searching for the car.  When the police spotted the car, it was parked in front of the QuikStop while defendant and Mattern were inside.  A video camera in the store recorded their activities.  Police subsequently interviewed the store cashier as well.  The evidence established the following.

Defendant and Mattern were browsing in the store when Mattern approached a rack of gift cards, grabbed a number of cards off the rack, and approached the cashier.  Before Mattern could purchase the gift cards, police appeared outside the store.  At that point, Mattern abruptly turned around, walked away from the cashier, and discarded multiple items in a trash can just before police entered the store.  Defendant asked the cashier if there was a back door through which they could exit, but the cashier said there was no such door.  The police then entered the store and arrested Mattern.  In the trash can, police found a wallet belonging to Julie Skelton and a credit card bearing her name.  The credit card had been removed from the wallet.  Police subsequently interviewed Skelton, who told them her wallet and other items had been stolen from her car.

In the red BMW, police found a backpack and a cell phone belonging to defendant.  In the backpack, police found three canisters of pepper spray, a large pair of metal bolt cutters, and a punch tool for breaking windows.  On the cell phone, police

---

[1] The statement of facts is based on the preliminary hearing transcript.

found text messages discussing the sale of a $300 Macy's gift card for cash or drugs. On defendant's person, police found a half-gram of heroin.

B. *Procedural Background*

On March 5, 2014, the prosecution charged defendant by information with six counts: Count One—Commercial burglary (Pen. Code, § 459); Count Two—Receiving stolen property (Pen. Code, § 496, subd. (a)); Count Three—Possession of heroin (Health & Saf. Code, § 11350, subd. (a)); Count Four—Misdemeanor identity theft (Pen. Code, § 530.5, subd. (c)(1)); Count Five—Possession of burglary tools (Pen. Code, § 466); and Count Six—Possession of tear gas by a felon (Pen. Code, § 22810, subd. (a)). Count One alleged defendant had entered the QuikStop "with the intent to commit larceny and any felony."[2] The information further alleged defendant had suffered a prior conviction for a serious or violent felony. (Pen. Code, § 667, subds. (b)-(i).) On June 12, 2014, defendant pleaded no contest to Count One (commercial burglary) and admitted the strike allegation in exchange for 32 months in state prison and dismissal of the remaining counts.

In December 2014, defendant petitioned the trial court for resentencing under Proposition 47. In a sworn declaration supporting the petition, counsel for defendant stated that the gift cards were worth approximately $50. In a written opposition to the petition, the prosecution also stated the gift cards had a total value of $50. But the prosecution argued, among other things, that defendant could not prove he and Mattern had only intended to take $50 worth of merchandise when the police interrupted them.

The trial court denied defendant's petition on the ground that defendant was not eligible for resentencing. The court assumed for purposes of its ruling that the value of the gift cards was $50. But the court ruled that the intent to use a credit card to steal the

---

[2] Although the complaint alleged defendant intended to commit larceny *and* any felony, we note that courts commonly interpret allegations phrased in the conjunctive to be alleged in the disjunctive language of the underlying statute. (See *People v. Moussabeck* (2007) 157 Cal.App.4th 975, 981-982.)

gift cards made the offense ineligible for resentencing. The court opined that if defendant had entered the store with the intent to steal $50 worth of merchandise, such conduct would have constituted an intent to commit petty theft, making the offense eligible for resentencing. However, because defendant and Mattern intended to use a credit card to purchase the gift cards, the court ruled that defendant had intended to commit felony identity theft under Penal Code section 530.5, and not petty theft. Accordingly, the court denied the petition on the ground that entering a store with the intent to commit felony identity theft is not an offense eligible for resentencing under Proposition 47.

## II. DISCUSSION

Defendant contends the trial court erred in denying his petition because he is eligible for resentencing under Penal Code section 459.5, which defines shoplifting and makes it a misdemeanor under Proposition 47. The Attorney General, adopting the trial court's reasoning, argues that substantial evidence shows defendant entered the store with the intent to commit felony identity theft under Penal Code section 530.5, making him ineligible for resentencing.

A. *Legal Principles*

In November 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (Act), reducing certain drug- and theft-related offenses to misdemeanors. Among other things, the Act added Penal Code section 459.5 (Section 459.5), making the offense of "shoplifting" a misdemeanor: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." (Pen. Code, § 459.5, subd. (a).) Section 459.5 mandates that shoplifting shall be punished as a misdemeanor except for persons having certain prior convictions not at issue here. Subdivision (b) of Section 459.5 further provides: "Any

4

act of shoplifting as defined in subdivision (a) *shall be charged as shoplifting*. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (Pen. Code, § 459.5, subd. (b), italics added.)

Proposition 47 also created a new resentencing scheme for persons serving felony sentences for specified offenses made misdemeanors by the Act. (§ 1170.18, subd. (a).) Under the resentencing scheme, a person currently serving a sentence for a felony conviction may petition for recall if the person would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense.

B. *Defendant is Eligible for Resentencing Under Penal Code Section 459.5*

Defendant pleaded no contest to Count One, which charged him with unlawfully entering the QuikStop "with the intent to commit larceny and any felony" under Penal Code section 459. He contends his offense now falls under Section 459.5 because he entered the QuikStop with the intent to commit larceny, and the value of the property to be taken was less than $950. The Attorney General contends the trial court properly found defendant intended to commit felony identity theft and not larceny.[3]

As noted above, the prosecution had initially charged defendant with *misdemeanor* identity theft—a charge that was dismissed when defendant pleaded no contest to the burglary charge. Nonetheless, we will assume, for the sake of argument, that the record contains substantial evidence that defendant entered the QuikStop with the intent to commit felony identity theft under Penal Code 530.5. A given act may constitute more than one criminal offense. It follows that a person may enter a store with the intent to commit more than one offense—e.g., with the intent to commit both identity theft *and* larceny. Furthermore, Section 459.5 mandates that *notwithstanding* Penal Code section

---

[3] The Supreme Court has granted review on two published opinions that considered this issue under similar facts. (*People v. Vargas* (2016) formerly at 243 Cal.App.4th 1416, review granted March 30, 2016, S232673; *People v. Gonzales* (2015) formerly at 242 Cal.App.4th 35, review granted February 17, 2016, S231171.)

5

459, a person who enters a store "with intent to commit larceny" *shall be punished as a misdemeanant* if the value of the property to be taken is not more than $950. (Pen. Code, § 459.5, subd. (a).) Subdivision (b) further provides that any act defined as shoplifting "shall be charged as shoplifting" and may not be charged as burglary or theft of the same property. (Pen. Code, § 459.5, subd. (b).) Thus, even assuming defendant intended to commit felony identity theft, he could not have been charged with burglary under Penal Code section 459 if the same act—entering a store with the intent to purchase merchandise with a stolen credit card—also constituted shoplifting under Section 459.5. Accordingly, the dispositive issue is whether that act fell within the definition of "shoplifting" under Section 459.5.

The parties do not dispute that defendant entered a commercial establishment while it was open during regular business hours. Nor do the parties dispute that defendant and Mattern did so with the intent to use a stolen credit card to purchase gift cards. The question is whether defendant did so "with intent to commit larceny" within the meaning of Section 459.5.

This is a matter of statutory construction—specifically, the interpretation of the term "larceny." In construing a voter initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685 (*Rizo*).) "[W]e begin with the text as the first and best indicator of intent." (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 321.) We first look " 'to the language of the statute, giving the words their ordinary meaning.' " (*Rizo*, at p. 685.) And we construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*)

The law of larceny constitutes a substantial jurisprudence. (See *People v. Williams* (2013) 57 Cal.4th 776, 781-789 (*Williams*) [discussing the common law history of larceny].) But our task is greatly simplified by Penal Code section 490a (Section 490a), which provides: "Wherever any law or statute of this state refers to or mentions

6

larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." (Pen. Code, § 490a.) Applying this rule, we must interpret Section 459.5 as if it defined shoplifting to mean "entering a commercial establishment with intent to commit *theft*." The term "theft" is defined by Penal Code section 484, as follows: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property . . . is guilty of theft." (Pen. Code, § 484, subd. (a).)

The plain language of Penal Code section 484 explicitly prohibits the taking of property "by any false or fraudulent representation or pretense," among other things. Using another person's credit card to purchase property without the card owner's consent is "theft" under this definition. By using a stolen credit card, a thief must falsely represent that he or she is the proper owner of the credit card or has the consent of the owner to use it. Such conduct constitutes "theft by false pretenses." (*Williams*, *supra*, 57 Cal.4th at p. 788.) Furthermore, California law explicitly defines the unauthorized, nonconsensual use of a credit card as a type of theft. (Pen. Code, §§ 484e, subd. (c), 484g.) We thus conclude defendant's intended conduct constituted theft, and hence he entered the QuikStop with the intent to commit "larceny" within the meaning of Section 459.5.

The language in *Williams* that distinguishes "larceny" from "theft by false pretenses" does not alter our analysis. In *Williams*, the defendant was convicted of robbery for fraudulently using credit cards to buy gift cards at a department store. The court considered whether this conduct constituted "the felonious taking of personal property" as that phrase is used in Penal Code section 211 (robbery). First, the court held that the "felonious taking" element of robbery requires a theft by larceny. (*Williams*,

7

*supra*, 57 Cal.4th at p. 786.) Then, based on a detailed excursion into the common law of larceny, the court concluded that the defendant's conduct in that case did not constitute larceny, but theft by false pretenses. (*Id.* at p. 788.) The court made clear that its analysis hinged on the *common law definition* of larceny. The court explicitly rejected the application of Section 490a because that section concerns the construction of the term "larceny" in a statute. (*Id.* at p. 789.) Because the court was construing Penal code section 211, which does not use the term "larceny" or any other term defined by Section 490a, the court considered Section 490a to be irrelevant.

As the *Williams* court recognized, Section 490a does not effect a change in the substantive law of larceny; rather, it provides a definition for use in statutory construction. Our task here is to construe the term "larceny" as used in Section 459.5, not to discern the substantive offense of larceny. Thus, the plain text of Section 490a speaks directly to this task. Applying Section 490a, we conclude that shoplifting requires an intent to commit theft, which is further defined by Penal Code section 484. This includes theft by false pretenses, encompassing defendant's conduct here.

The Attorney General contends that defendant failed to show the value of the property to be taken was not more than $950, as required by Section 459.5. We disagree. Counsel filed a sworn declaration stating that the gift cards were worth approximately $50. In its written filing opposing the petition, the prosecution stated the same. The prosecution argued that defendant might have intended to steal some other unspecified property valued at more than $950, but the prosecutor presented no evidence supporting this assertion. The evidence established that Mattern was approaching the cashier with the gift cards just before police arrived, suggesting that she was about to complete the theft with only those items. While the trial court made no explicit factual finding on the value of the gift cards, the court assumed they were valued at $50 for the purposes of its ruling. On this record, we conclude defendant has met his burden to show the value of the property to be stolen was not more than $950.

8

For these reasons, we hold that defendant is eligible for resentencing on his conviction for commercial burglary because the use of a stolen credit card to purchase property valued at less than $950 constitutes shoplifting under Section 459.5. We will reverse the trial court's denial of the petition and remand the matter for further proceedings.

### III. DISPOSITION

The order denying defendant's petition for resentencing under Penal Code section 1170.18 is reversed. The matter is remanded for the trial court to determine whether defendant would pose an unreasonable risk of danger to public safety under subdivision (b) of Penal Code section 1170.18.

_____

Márquez, J.

WE CONCUR:

_____

 Rushing, P. J.

_____

 Grover, J.

Trial Court:                                                  Santa Cruz County
                                                             Superior Court No.: F26308

Trial Judge:                                                 The Honorable John Salazar


Attorney for Defendant and Appellant                         Edward Mahler
Ryan James Garrett:                                          under appointment by the Court of
                                                             Appeal for Appellant


Attorneys for Plaintiff and Respondent                       Kamala D. Harris,
The People:                                                  Attorney General

                                                             Gerald A Engler,
                                                             Chief Assistant Attorney General

                                                             Jeffrey M. Laurence,
                                                             Senior Assistant Attorney General

                                                             Donna M. Provenzano,
                                                             Supervising Deputy Attorney General

                                                             Huy T. Loung,
                                                             Deputy Attorney General