Filed 8/25/16  P. v. Bocage CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C078826 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF-07-0036) |
| v. | |
| REBECCA JOANNA BOCAGE, | |
| Defendant and Appellant. | |

Defendant Rebecca Joanna Bocage appeals from the trial court's order denying her Penal Code section 1170.18[1] petition to redesignate her felony conviction for second degree burglary (§ 459) as a misdemeanor.  She contends the trial court erred in finding her conviction did not qualify for resentencing.  Agreeing with defendant, we shall reverse and remand for additional proceedings.

---

[1] Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On or around December 30, 2006, defendant, with the intent to commit theft, entered a Walgreens store in Sutter County with codefendant Maria Conceciao Miranda and used another person's driver's license to cash a check belonging to the victim in the amount of $335.17.

Defendant was charged with conspiracy to commit second degree burglary and forgery (§ 182), identity theft (§ 530.5, subd. (a)), second degree burglary (§ 459), possessing a forged check (§ 475, subd. (c)), and obtaining a false document (§ 529.7), a misdemeanor. Defendant pleaded no contest to the burglary charge with a *Harvey*[2] waiver as to the remaining counts. She was sentenced to a 16-month state prison term.

Defendant subsequently filed a section 1170.18 petition seeking postsentence reduction of the burglary charge to a misdemeanor. The People's opposition asserted that defendant was ineligible because she entered the Walgreens with the intent to commit identity theft. The trial court denied the petition for that reason.

## DISCUSSION

Defendant contends the trial court erred in denying her petition because she harbored an intent to commit identity theft as part of her crime.[3] We agree.

The passage of Proposition 47 created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

[3] The question of when a commercial burglary conviction qualifies for section 1170.18 resentencing is currently before the California Supreme Court. (See, e.g., *People v. Bias* (2016) 245 Cal.App.4th 302, review granted May 11, 2016, S233634; *People v. Vargas* (2016) 243 Cal.App.4th 1416, review granted Mar. 30, 2016, S232673; *People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted Feb. 17, 2016, S231171.)

the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . " under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

As pertinent to this case, Proposition 47 added section 459.5, which establishes the offense of shoplifting, a misdemeanor. Section 459.5 states in pertinent part: "Notwithstanding section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) As relevant here, "burglary" is defined as entry into a "building . . . with intent to commit grand or petit larceny or any felony." (§ 459.)

Defendant notes she committed burglary by cashing a fraudulent check for $335.17 at Walgreens, a commercial establishment. She argues that all forms of theft, larceny, false pretenses, and embezzlement, are merged into a single crime of theft. Claiming that the crime of shoplifting applies to the intent to commit any theft, defendant concludes that her criminal act constitutes shoplifting as defined in section 459.5. She also claims that if we reject her contention as to shoplifting, she is nonetheless eligible for resentencing to a misdemeanor commercial burglary under section 459, pursuant to section 17. Finally, she claims that the *Harvey* waiver does not allow the use of the dismissed allegations to determine her eligibility for resentencing.

The Attorney General asserts that defendant's crime does not qualify because theft by false pretenses is not larceny and therefore does not come within a shoplifting offense, that defendant has failed to identify how section 17 could authorize reducing her burglary

3

conviction to a misdemeanor, and that the *Harvey* waiver allows a court to consider facts transactionally related to her burglary conviction.

In interpreting a voter initiative, "we apply the same principles that govern statutory construction" (*People v. Rizo* (2000) 22 Cal.4th 681, 685), and "our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure" (*In re Littlefield* (1993) 5 Cal.4th 122, 130). " 'In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose.' [Citation.] At the same time, 'we do not consider . . . statutory language in isolation.' [Citation.] Instead, we 'examine the entire substance of the statute in order to determine the scope and purpose of the provision, construing its words in context and harmonizing its various parts.' [Citation.] Moreover, we ' "read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' " ' " (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043.)

In *People v. Garrett* (2016) 248 Cal.App.4th 82 (*Garrett*)[4] the Court of Appeal, Sixth Appellate District, addressed essentially the same situation as here. The defendant in *Garrett* was convicted of commercial burglary for entering a convenience store and trying to purchase gift cards worth $50 with a stolen credit card. (*Id*. at p. 84, see fn. 4, *ante*.) Defendant petitioned for section 1170.18 resentencing, which the trial court denied because the intent to use the stolen credit card to make the purchase supported an intent to commit identity theft, rather than petty theft. (*Id.* at p. 86, see fn. 4, *ante*.)

---

**4** Review was granted by the Supreme Court in *Garrett* on August 24, 2016, S236012. Pursuant to California Rules of Court, rule 8.1115(e)(1), we cite *Garrett* only as persuasive authority.

The Court of Appeal in *Garrett* rejected the trial court's reliance on intent to commit identity theft. "Section 459.5 mandates that *notwithstanding* . . . section 459, a person who enters a store 'with intent to commit larceny' *shall be punished as a misdemeanant* if the value of the property to be taken is not more than $950. (§ 459.5, subd. (a).) Subdivision (b) further provides that any act defined as shoplifting 'shall be charged as shoplifting' and may not be charged as burglary or theft of the same property. (§ 459.5, subd. (b).) Thus, even assuming [the] defendant intended to commit felony identity theft, he could not have been charged with burglary under . . . section 459 if the same act—entering a store with the intent to purchase merchandise with a stolen credit card—also constituted shoplifting under Section 459.5." (*Garrett*, *supra*, 248 Cal.App.4th at p. 88, see fn. 4, *ante*.)

The *Garrett* court noted that the defendant had intended to commit theft by false pretenses, as defined in section 484.[5] (*Garrett*, *supra*, 248 Cal.App.4th at p. 89, see fn. 4, *ante*.) Applying section 490a, the *Garrett* court determined that the crime of "shoplifting requires an intent to commit theft, which is further defined by . . . section 484. This includes theft by false pretenses, encompassing [the] defendant's conduct here." (*Garrett*, at pp. 89-90, see fn. 4, *ante*.) The defendant's intended petty theft therefore qualified as shoplifting, rendering the crime eligible for resentencing. (*Id*. at p. 90, see fn. 4, *ante*.)

---

[5] Section 484 states, in pertinent part, "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft." (§ 484, subd. (a).)

We find this reasoning persuasive. As in *Garrett*, defendant intended to, and did, commit a petty theft by false pretenses when she cashed the fraudulent check at a business during its regular hours of operation. We agree with *Garrett* that under section 490a, the term "larceny" in section 459.5 means any form of theft, including theft by false pretenses. Defendant's intent to commit and possible commission of the crime of identity theft as well as petty larceny is irrelevant.[6] The statute defining "identity theft," section 530.5,[7] is a theft statute. (*People v. Valenzuela* (2012) 205 Cal.App.4th 800, 806, see *id*. at p. 808 ["the retention of personal identifying information of another is not a possession crime, but is a unique theft crime"].) While defendant entertained multiple intents, she had a single criminal objective, stealing $335.17 by cashing a fraudulent check at a business. It is the type of criminal activity to which section 459.5, subdivision (b)'s preemption extends, and therefore can be prosecuted only as a shoplifting crime after the passage of Proposition 47. Since defendant could only be liable under section 459.5 were she to be prosecuted today, her second degree burglary conviction is eligible for section 1170.18 resentencing notwithstanding her intent to commit identity theft.

Since we find defendant is eligible for redesignation of her crime to shoplifting based on the facts adduced at her plea and in the People's opposition to her section

---

[6] Although the Attorney General does not rely on defendant's intent to commit identity theft, we address this issue as it was the reason for the trial court's ruling.

[7] Section 530.5 provides, in relevant part, "Every person who willfully obtains personal identifying information, as defined in subdivision (b) of Section 530.55, of another person, and uses that information for any unlawful purpose, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information without the consent of that person, is guilty of a public offense, and upon conviction therefor, shall be punished by a fine, by imprisonment in a county jail not to exceed one year, or by both a fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170." (§ 530.5, subd. (a).)

1170.18 petition, we decline to address her contentions regarding section 17 and the *Harvey* waiver.

## DISPOSITION

The trial court's order denying defendant's Penal Code section 1170.18 petition is reversed and the matter is remanded for additional proceedings on the petition.

            BUTZ            , Acting P. J.

We concur:

      HOCH           , J.

      RENNER         , J.