Filed 9/7/16  P. v. Bambino CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| THE PEOPLE, | C078644 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-111998A) |
| v. | |
| BRETT JOSEPH BAMBINO, | |
| Defendant and Appellant. | |

In this case, we address the continuing problem of determining when a conviction for commercial burglary (Pen. Code, § 459)[1] qualifies for resentencing pursuant to section 1170.18.[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] The question of when a commercial burglary conviction qualifies for section 1170.18 resentencing is currently before the California Supreme Court.  (See, e.g., *People v. Bias* (2016) 245 Cal.App.4th 302, review granted May 11, 2016, S233634; *People v. Vargas* (2016) 243 Cal.App.4th 1416, review granted Mar. 30, 2016, S232673; *People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted Feb. 17, 2016, S231171.)

1

Defendant Brett Joseph Bambino was convicted of commercial burglary for presenting an altered prescription to a pharmacy. The trial court found defendant's intent to commit the crime of altering a prescription disqualified him from section 1170.18 resentencing. We find that the crime of shoplifting—section 459.5—includes theft by false pretenses. We also find that an intent to commit some other felony does not render a second degree burglary ineligible for resentencing when that intent is part of the act that constitutes shoplifting under section 459.5. Although defendant's crime could be eligible for resentencing, we nonetheless affirm the trial court's order because defendant failed to carry his burden of establishing the value of the attempted theft.

## FACTUAL AND PROCEDURAL BACKGROUND

We take the facts of defendant's crime from the factual basis of his plea and from the preliminary hearing.

On December 28, 2011, defendant entered the pharmacy at the Kaiser medical center in Roseville and submitted a prescription for Percocet consisting of 10 milligrams of oxycodone and 325 milligrams of acetaminophen. The prescription originally stated "5" milligrams of oxycodone, but the "5" had been written over and changed to a "10." Roseville police responding to the scene that day found defendant in his vehicle at the facility's parking lot. Defendant's cell phone contained text messages in which he offered to sell prescription medication to another person.

Defendant was charged with forging or altering a prescription (Health & Saf. Code, § 11368), second degree burglary (Pen. Code, § 459), conspiracy to commit a felony (Pen. Code, § 182, subd. (a)(1)), and attempted possession for sale of a controlled substance (Health & Saf. Code, § 11351/Pen. Code, § 664) with prior drug convictions (Health & Saf. Code, § 11370.2, subd. (a)) and on-bail allegations (Pen. Code, § 12022.1). He pleaded no contest to second degree burglary and admitted the on-bail allegation, with a stipulated disposition of a suspended five-year term and probation, 120

2

days in county jail, and an agreement that the remaining counts and a second matter would be dismissed at time of sentencing (case No. 62-111990).

The factual basis of defendant's plea was recited by the prosecutor as follows:

"On December 28, 2011, in Placer County, the defendant committed the crime of second-degree commercial burglary in violation of Penal Code section 459 by entering Kaiser Permanente with the intent to commit larceny and any felony. The defendant also—at the time of the commission of that offense, the defendant had been released from custody on bail in Sacramento County case No. 11F06999 within the meaning of Penal Code section 12022.1.

"Factual basis is more fully reflected in Roseville Police report 3621113592 and related discovery pages 1 through 15 provided to defense."

The trial court imposed the stipulated disposition at sentencing.

Defendant subsequently filed a section 1170.18 petition for resentencing on his conviction. The petition, which was prepared with the assistance of counsel, contained no evidence or allegations of fact regarding the value of the pills defendant attempted to obtain. The People filed an opposition to the petition arguing that defendant was ineligible for resentencing because his crime, trying to pass a forged prescription at a hospital, does not come within the definition of shoplifting as stated in section 459.5.

At the hearing on the petition, defendant's counsel stated: "As for the value amount, we've done some research. The prescription was for 30 pills, and our research is showing that somebody without any form of payment, such as insurance, it would be approximately around [$300] to $400, depending on the pharmacy. So clearly that is less than $950." The prosecutor did not address this assertion, instead reiterating that defendant's crime was not shoplifting.

3

The trial court denied the petition in a written opinion. It found that the factual basis for the plea established that defendant intended to commit " 'any felony,' which is clearly not within the provisions of Penal Code [section] 459.5." Although the factual basis also stated that defendant had an intent to commit larceny, the trial court also found that "the further description of the factual basis set forth in the plea transcript makes clear that the plea was not based upon the intent to shoplift." The court noted that defendant did not dispute entering the Kaiser facility "in possession of an altered prescription with an intent to fraudulently obtain a stronger dosage of Oxycodone, which is a felony pursuant to Health [and] Safety Code [section] 11368," and found this was an additional reason to deny the petition.

## DISCUSSION

The passage of Proposition 47 created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . " under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

As pertinent to this case, Proposition 47 added section 459.5, which establishes the crime of shoplifting, a misdemeanor. Section 459.5 states in pertinent part: "Notwithstanding section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) As relevant here, "burglary" is defined as

4

entry into a "building . . . with intent to commit grand or petit larceny or any felony." (§ 459.)

Defendant contends that his crime constitutes shoplifting under section 459.5 because the factual basis of his plea stipulated that he entered the Kaiser Permanente pharmacy with the intent to commit larceny. The Attorney General argues that the petition was properly denied because defendant presented no evidence regarding the value of the pills he sought and because defendant's offense—entering the pharmacy with an intent to commit the crime of forging or altering a prescription—does not include the intent to commit larceny required by section 459.5.

In interpreting a voter initiative, "we apply the same principles that govern statutory construction" (*People v. Rizo* (2000) 22 Cal.4th 681, 685), and "our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure" (*In re Littlefield* (1993) 5 Cal.4th 122, 130). " 'In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose.' [Citation.] At the same time, 'we do not consider . . . statutory language in isolation.' [Citation.] Instead, we 'examine the entire substance of the statute in order to determine the scope and purpose of the provision, construing its words in context and harmonizing its various parts.' [Citation.] Moreover, we ' "read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' " ' " (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043.)

We begin by addressing the trial court's ruling that defendant's intent to commit a violation of Health and Safety Code section 11368[3] rendered him ineligible for resentencing without regard to whether he also intended to commit larceny.

In *People v. Garrett* (2016) 248 Cal.App.4th 82 (*Garrett*)[4] the defendant was convicted of commercial burglary for entering a convenience store and trying to purchase gift cards worth $50 with a stolen credit card. (*Id*. at p. 84; see fn. 4, *ante*.) The defendant petitioned for section 1170.18 resentencing, which the trial court denied because the intent to use the stolen credit card to make the purchase supported an intent to commit identity theft. (*Garrett*, at p. 86; see fn. 4, *ante*.)

The Court of Appeal, Sixth Appellate District, rejected the trial court's reliance on intent to commit identity theft. "Section 459.5 mandates that *notwithstanding . . .* section 459, a person who enters a store 'with intent to commit larceny' *shall be punished as a misdemeanant* if the value of the property to be taken is not more than $950. (§ 459.5, subd. (a).) Subdivision (b) further provides that any act defined as shoplifting 'shall be charged as shoplifting' and may not be charged as burglary or theft of the same property. (§ 459.5, subd. (b).) Thus, even assuming [the] defendant intended to commit felony identity theft, he could not have been charged with burglary under . . . section 459 if the same act—entering a store with the intent to purchase merchandise with a stolen credit

---

**3**  Health and Safety Code section 11368 states: "Every person who forges or alters a prescription or who issues or utters an altered prescription, or who issues or utters a prescription bearing a forged or fictitious signature for any narcotic drug, or who obtains any narcotic drug by any forged, fictitious, or altered prescription, or who has in possession any narcotic drug secured by a forged, fictitious, or altered prescription, shall be punished by imprisonment in the county jail for not less than six months nor more than one year, or in the state prison."

**4**  Review was granted by the Supreme Court in *Garrett* on August 24, 2016, S236012. Pursuant to California Rules of Court, rule 8.1115(e)(1), we cite *Garrett* only as persuasive authority.

card—also constituted shoplifting under Section 459.5." (*Garrett*, *supra*, 248 Cal.App.4th at p. 88; see fn. 4, *ante*.)

The *Garrett* court noted that the defendant had intended to commit theft by false pretenses, as defined in section 484.[5] (*Garrett*, *supra*, 248 Cal.App.4th at p. 89; see fn. 4, *ante*.) Applying section 490a, the Court of Appeal determined that the crime of "shoplifting requires an intent to commit theft, which is further defined by . . . section 484. This includes theft by false pretenses, encompassing [the] defendant's conduct here." (*Garrett*, at pp. 89-90; see fn. 4, *ante*.) The defendant's intended petty theft therefore qualified as shoplifting, rendering the crime eligible for resentencing. (*Id*. at p. 90; see fn. 4, *ante*.)

Health and Safety Code section 11368 is not a theft statute.[6] However, as *Garrett* shows, the fact that defendant intended to commit a nontheft felony does not preclude a

---

[5] Section 484, subdivision (a) provides, in relevant part: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft."

[6] "In addition, even when the drugs are for personal use, [Health and Safety Code] section 11368 is directed at a greater evil than possession and personal use of the obtained drugs. It is primarily directed at forgery of the indicia of a powerful authority solely reserved to statutorily defined 'practitioners.' [Citations.] Prescriptions are devices by which physicians and other authorized practitioners work to achieve legitimate medical purposes. [Citation.] The protection of the health and safety of the public in obtaining medical prescriptions is critical. [Citation.] Physicians, pharmacists, and patients must be able to rely on the integrity of the system. Section 11368 is aimed at helping preserve that integrity by prohibiting counterfeiting of a physician's authority to prescribe, deceiving of the pharmacist, corrupting the public's legitimate supply of medicine, and, potentially, defrauding of insurance companies or government programs.

finding that he also harbored an intent to commit a theft offense in the commission of his commercial burglary. (See fn. 4, *ante*.) If defendant harbored an intent to commit larceny, then his crime qualifies for resentencing if he intended to steal $950 or less. The trial court therefore erred in finding that an intent to commit the crime of forging or altering a prescription necessarily rendered defendant's crime ineligible for resentencing.

Although Health and Safety Code section 11368 is not itself a theft crime, a forged or altered prescription can be used to commit theft by false pretenses. If a defendant does not pay all of the costs of prescription drugs, then altering a prescription to obtain a greater amount of that drug gives the defendant a greater benefit (the value of the drugs minus the defendant's copayment) than he or she is entitled to, and thereby unlawfully imposing the cost of that extra benefit on the insurer. This is theft by false pretenses. (§ 484, subd. (a); see *People v. Wooten* (1996) 44 Cal.App.4th 1834, 1842 [theft by false pretenses "requires proof that (1) the defendant made a false pretense or representation to the owner of property; (2) with the intent to defraud the owner of that property; and (3) the owner transferred the property to the defendant in reliance on the representation"].)

We agree with *Garrett* that any theft, including theft by false pretenses, satisfies section 459.5's larceny requirement. (See § 490a ["Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."]; see also *People v. Nguyen* (1995) 40 Cal.App.4th 28, 30-31 [entry into home with intent to pass a bad check in exchange for items satisfies larceny element of burglary].) While defendant's act does not come within the commonly understood definition of "shoplifting," section 459.5 gives a specialized legal definition that includes defendant's criminal act. Since defendant altered the prescription in order to commit the theft, his

---

Far more is implicated than just an offender's personal involvement with drugs." (*People v. Wheeler* (2005) 127 Cal.App.4th 873, 880.)

intent to commit the crime of altering a prescription does not render him ineligible for resentencing.

Although defendant's crime could qualify for resentencing, this does not end our inquiry. As the petitioner in a section 1170.18 proceeding, defendant bears the burden of establishing eligibility for relief under section 1170.18. (Evid. Code, § 500; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449; *People v. Sherow* (2015) 239 Cal.App.4th 875, 878.) "The crime of shoplifting has three elements: (1) entry into a commercial establishment, (2) while the establishment is open during regular business hours, and (3) with intent to commit larceny of property valued at $950 or less." (*In re J.L.* (2015) 242 Cal.App.4th 1108, 1114.) Defendant submitted the altered prescription to the pharmacy, which is a commercial establishment by virtue of being a place where medication is bought and sold. (See *id*. at p. 1115 ["Shoplifting is commonly understood as theft of merchandise from a store or business that sells goods to the public."].) Defendant submitted the false prescription during regular business hours. Since the factual basis of his plea stipulated that defendant entered the pharmacy with an intent to commit larceny, we conclude that defendant intended to commit theft by false pretenses.

Defendant's claim nonetheless fails due to a lack of evidence regarding the remaining element of shoplifting: that the drugs he intended to steal were worth $950 or less. The section 1170.18 petition contained no evidence regarding the value of the pills. While counsel represented at the hearing that they were worth around $300 to $400, counsel's unsworn, unsupported statements are not evidence and cannot carry defendant's burden of proof. Defendant therefore failed to carry his burden of proving that the value of the drugs he sought to obtain by false pretenses were worth $950 or less. Since we review the correctness of the trial court's rulings rather than any reasons given for the ruling (*Kennedy v. Superior Court* (2006) 145 Cal.App.4th 359, 368), whether the trial court relied on this or some other ground to deny the petition is irrelevant. Based on

this record, we are able to discern that the trial court correctly denied the petition. However, our determination does not prevent defendant from filing another petition supported by sufficient proof of value.  (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 142 ["We affirm the order denying defendant's petition for resentencing of his conviction for receipt of stolen property without prejudice to consideration of a subsequent petition that supplies evidence of his eligibility."].)[7]

## DISPOSITION

The judgment (order) is affirmed.


          BUTZ          , Acting P. J.


We concur:


     HOCH          , J.


     RENNER        , J.

---

[7] Since we affirm the trial court's denial, we do not reach the Attorney General's contention that the People should be allowed to reinstate the dismissed charges if the petition is granted.

10