Filed 1/27/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

THE PEOPLE,

      Plaintiff and Respondent,

v.

JOYE LYNN BROWN,

      Defendant and Appellant.

A147671

(Marin County
Super. Ct. No. SC185403)

Defendant appeals an order denying her petition for resentencing under the Safe Neighborhoods and Schools Act (Proposition 47). (Pen. Code,[1] § 1170.18, subd. (f).) The trial court denied her petition on the ground her felony offense did not fall within Proposition 47. We conclude defendant's second degree commercial burglary conviction (§ 459), involving entry into a store with the intent to obtain drugs by using a forged prescription does not fall within the new shoplifting misdemeanor offense (§ 459.5) in Proposition 47. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged on July 16, 2013, by criminal complaint with second degree commercial burglary (§ 459; count 1), and attempted possession of a narcotic by a forged prescription (§ 664; Health & Saf. Code, § 11368; count 2). The complaint also alleged an on-bail enhancement (§ 12022.1, subd. (b)) and four prior convictions within the meaning of section 1203, subdivision (e)(4). As part of a plea agreement, defendant pleaded guilty to second degree commercial burglary and admitted the on-bail

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

enhancement allegation, and count 2 was dismissed. Imposition of the sentence was suspended, and defendant was placed on probation for a period of three years.

The following facts are taken from the probation report. Police responded to a report of a forged prescription at a Novato pharmacy on July, 4, 2013, where they found defendant seated in the waiting area. The doctor listed on the prescription indicated it was fraudulent and claimed a prescription pad had been stolen from his office. Defendant said she received a call from Ronald Deleon, who told her to pick up a prescription which had been dropped off by a third party. Defendant was to pay for the medications using $200 she received from Deleon, and then give Deleon the drugs. Defendant admitted she knew the prescription was forged. Deleon gave a different account, stating defendant had called him inquiring whether he wanted to buy pain medications she had on hand. Deleon said he gave Brown $200 for 40 OxyContin pills, but he denied any knowledge of the forged prescription.

On November 23, 2015, defendant filed a petition to have her second degree commercial burglary conviction reduced to a misdemeanor pursuant to Proposition 47. The People opposed the petition for resentencing, and a hearing was held on the matter. The trial court denied the petition on February 16, 2016.

## II.  DISCUSSION

Defendant contends the trial court erred by denying her resentencing petition because her offense constituted shoplifting, a misdemeanor offense under Proposition 47. The Attorney General responds defendant did not meet her burden because she failed to show she had the intent to commit larceny, a requisite element of shoplifting. We agree with the Attorney General.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which became effective the following day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 was intended to ensure prison spending is focused on violent and serious offenders, to maximize alternatives for nonserious, nonviolent crimes, and to invest the savings generated thereby into educational, social, and mental health causes. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of

2

Prop. 47, § 2, p. 70.) To this end, Proposition 47 reduced most possessory drug offenses and thefts of property valued at $950 or less to straight misdemeanors. (Voter Information Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, pp. 35–36.) It also created a process for persons currently serving felony sentences for those offenses to petition for resentencing. (§ 1170.18.)

Among the reclassifying provisions, Proposition 47 added section 459.5 to the Penal Code. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) Section 459.5 defines the crime of "shoplifting." It provides in relevant part: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor . . . . [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

Proposition 47 also added section 1170.18 to the Penal Code. Subdivision (a) of section 1170.18 permits a person "who, on November 5, 2014, was serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . [to] petition for a recall of sentence . . . [and] to request resentencing." If the person satisfies the criteria in subdivision (a), subdivision (b) provides, "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

The trial court did not err in denying defendant's misdemeanor resentencing petition. Defendant was convicted of commercial burglary under section 459, which provides, in relevant part: "Every person who enters any . . . store . . . with intent to commit grand or petit larceny or *any felony* is guilty of burglary." (Italics added.) On the

3

other hand, shoplifting requires the "intent to commit larceny." (§ 495.5, subd. (a).) Larceny requires a taking of property "with the specific intent to steal, i.e., to appropriate property of another and permanently deprive that person of possession. Unless this is proved there is no larceny." (2 Witkin, Cal. Criminal Law (4th ed. 2012) Crimes Against Property, § 23, p. 47.) The gravamen of defendant's second degree burglary conviction, however, does not involve an intent to steal. The crime was not a property crime; no property was stolen and no person was defrauded because defendant appeared at the pharmacy to pay for and collect the filled prescription. Rather, the crime was "against the state and consists of obtaining [a prescription] by means of the false writing." (*People v. Katz* (1962) 207 Cal.App.2d 739, 747.)

Prescriptions are the means by which physicians and other authorized practitioners achieve legitimate medical purposes. (*People v. Wheeler* (2005) 127 Cal.App.4th 873, 880.) "The protection of the health and safety of the public in obtaining medical prescriptions is critical. [Citations.] Physicians, pharmacists, and patients must be able to rely on the integrity of the system. [Laws against prescription forgery are] aimed at helping preserve that integrity by prohibiting counterfeiting of a physician's authority to prescribe, deceiving of the pharmacist, corrupting the public's legitimate supply of medicine, and, potentially, defrauding of insurance companies or government programs. Far more is implicated than just an offender's personal involvement with drugs." (*Ibid.*)

The record indicates defendant entered the pharmacy with the intent to commit a violation of Health and Safety Code section 11368, which punishes persons who forge or alter a prescription. The intent to commit a felony violation of Health and Safety Code section 11368 supports a conviction for burglary under section 459, as the statute requires a showing of an intent to commit "any felony." However, shoplifting as defined in section 459.5 is limited to persons with the "intent to commit larceny." (§ 459.5, subd. (a).) A violation of Health and Safety Code section 11368 does not constitute larceny. Especially in cases such as this, where the defendant intends to pay for the

4

medications at issue. Accordingly, defendant's burglary conviction is not eligible for resentencing pursuant to section 459.5.[2]

We also note this case is distinguishable from other Proposition 47 cases involving the use of forged checks and stolen credit cards. (See *People v. Martin* (2016) 6 Cal.5th 666 [defendant who cashed forged checks was *not* eligible for resentencing under Prop. 47]; *People v. Garrett* (2016) 248 Cal.App.4th 82 [defendant who attempted to use stolen credit card to purchase gift cards was eligible for resentencing], review granted Aug. 24, 2016.) The primary question in those cases is whether the intent to take property by false pretenses is tantamount to the intent to commit larceny. (*Martin*, at p. 683; *Garrett*, at p. 89.) While these cases have reached different answers to the question, there was never any dispute the defendants had the intent to commit a property crime. In contrast, defendant's use of a forged prescription to obtain illicit drugs in this case does not constitute a property crime since, as discussed above, no property was stolen and no person was defrauded. And since there is no evidence defendant used insurance to pay for the prescription, we are hard pressed to find anyone lost money as a result of defendant's scheme.

### III. DISPOSITION

The order is affirmed.

---

[2] Because of this conclusion, we need not decide the Attorney General's alternative argument that defendant failed to prove the value of the property at issue was less than $950.

5

_____

Margulies, J.

We concur:

_____

Humes, P.J.

_____

Dondero, J.

A147671
*People v. Brown*

Trial Court:   Marin County Superior Court

Trial Judge:   Hon. Andrew E. Sweet

Counsel:

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Catherine A. Rivlin and Ann P. Wathen, Deputy Attorneys General for Plaintiff and Respondent.