Filed 5/8/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MIGUEL ANGEL JIMENEZ,<br><br>    Defendant and Respondent. | 2d Crim. No. B283858<br>(Super. Ct. No. 2016041618)<br>(Ventura County) |

The People appeal the trial court's order reducing Miguel Angel Jimenez's felony convictions for identity theft under Penal Code section 530.5, subdivision (a)[1] to misdemeanor shoplifting under section 459.5, subdivision (a).  They contend that section 459.5, which was enacted as part of Proposition 47 (§ 1170.18), does not apply to section 530.5 identity theft offenses, even when the amount involved does not exceed $950.

In *People v. Gonzales* (2017) 2 Cal.5th 858 (*Gonzales*), the defendant cashed two stolen checks valued at less than $950 each.  (*Id.* at p. 862.)  Our high court determined that the

---

[1] All statutory references are to the Penal Code.

defendant's "act of entering a bank to cash a stolen check for less than $950, traditionally regarded as theft by false pretenses . . . , now constitutes shoplifting under [section 459.5]." (*Ibid.*) Section 459.5, subdivision (b) states that any act of shoplifting "shall be charged as shoplifting," and that no one "charged with shoplifting may also be charged with burglary or theft of the same property." (*Gonzales*, at p. 876 ["A defendant must be charged only with shoplifting when [section 459.5] applies"].)

Like the defendant in *Gonzales*, Jimenez cashed two stolen checks valued at less than $950 each. These acts constitute misdemeanor shoplifting under section 459.5, subdivision (a) and must be charged as such. (§ 459.5, subd. (b); *Gonzales*, *supra*, 2 Cal.5th at p. 876.) The trial court correctly reduced Jimenez's felony convictions for identity theft to misdemeanors pursuant to Proposition 47. Accordingly, we affirm.

FACTS AND PROCEDURAL HISTORY

On two different occasions, Jimenez entered Loan Plus, a commercial check-cashing business, and cashed a check from Outer Wall, Inc., made payable to himself. The checks were valued at $632.47 and $596.60, respectively. Outer Wall, Inc. did not issue the checks in Jimenez's name.

The People filed an information charging Jimenez with two felony violations of section 530.5, subdivision (a) -- the unauthorized use of the personal identifying information of another.[2] They further alleged that Jimenez had suffered a prior

---

[2] Section 530.5, subdivision (a) provides, in relevant part: "Every person who willfully obtains personal identifying information, as defined in subdivision (b) of Section 530.55, of another person, and uses that information for any unlawful

2

strike conviction for assault with a deadly weapon plus a prison prior.

After a jury convicted Jimenez of both charges, Jimenez admitted the special allegations. He also moved to reduce the convictions to misdemeanors pursuant to Proposition 47 and *Gonzales*, *supra*, 2 Cal.5th 858. Jimenez asserted his conduct constituted misdemeanor shoplifting under section 459.5, subdivision (a), as interpreted by our Supreme Court in *Gonzales*.

The trial court granted Jimenez's motion over the People's objection. It stated that it had reviewed *Gonzales*, *supra*, 2 Cal.5th 858, and *People v. Romanowski* (2017) 2 Cal.5th 903 (*Romanowski*), and concluded that under the reasoning and holding of those two cases, the "[c]ourt's hands have been somewhat tied." The court explained: "It appears indicated that when there's conduct that results in the theft, which was here theft of property when it was used to derive on two separate instances money less than $950, the Court is mandated to reduce those to misdemeanors. Those are the rulings put forth by the Supreme Court." The court further stated: "And even though [this case] involves a different charge, it appears to be somewhat of a theft charge which was the focus of *Gonzale*[*s*] and *Romanowski* . . . . And based on the Court's review of those two recent rulings, the Court feels it is obligated . . . to grant the defense motion and reduce Count 1 and Count 2 to misdemeanors as it appears to be that conduct that has been described in Proposition 47 as a shoplifting type of offense."

purpose, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information without the consent of that person, is guilty of a public offense . . . ."

Following reclassification of the convictions, the trial court sentenced Jimenez to two consecutive six-month terms. The court awarded Jimenez presentence credits, and his sentence was deemed served. The People appeal.

DISCUSSION

*Proposition 47*

On November 4, 2014, California voters enacted Proposition 47, "The Safe Neighborhoods and Schools Act," which became effective the next day. (Cal. Const., art. II, § 10, subd. (a).) Proposition 47 reduced certain theft-related offenses from felonies or wobblers to misdemeanors, unless the offenses were committed by certain ineligible offenders. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Under Proposition 47, a defendant may be eligible for misdemeanor resentencing or redesignation under section 1170.18 if he or she would have been guilty of a misdemeanor under Proposition 47, and if the offense would have been a misdemeanor had Proposition 47 been in effect at the time of the offense. (§ 1170.18, subds. (a) & (f); *Gonzales, supra,* 2 Cal.5th at pp. 863, 875.) Resentencing or redesignation under Proposition 47 is "required unless 'the court, in its discretion, determines that resentencing the petitioner [or reclassifying the conviction as a misdemeanor] would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*Gonzales,* at p. 863.)

Proposition 47 directs that the "act shall be broadly construed to accomplish its purposes."[3] One such purpose of

---

[3] Cal. Voter Information Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47 (Voter Information Guide), p. 74, § 15, at <http://vig.cdn.sos.ca.gov/2014/general/en/pdf/complete-vigr1.pdf> [as of May 2, 2018].

Proposition 47 is "'to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative.' [Citations.] [Proposition 47] also expressly states an intent to '[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes.'" (*Gonzales*, *supra*, 2 Cal.5th at p. 870, citing *Harris v. Superior Court* (2016) 1 Cal.5th 984, 992, and the Voter Information Guide, *supra*, text of Prop. 47, §§ 2-3, par. (3), p. 70.)

*"Shoplifting"*

Proposition 47 added several new provisions, including section 459.5, which created the crime of shoplifting. Section 459.5, subdivision (a) provides: "Notwithstanding [s]ection 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." "Shoplifting is punishable as a misdemeanor unless the defendant has previously been convicted of a specified offense." (*Gonzales*, *supra*, 2 Cal.5th at p. 863; § 459.5, subd. (a).) Section 459.5, subdivision (b) explicitly limits charging with respect to shoplifting: "'Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property.'" (*Gonzales*, at p. 863.)

5

*No Error in Reducing Jimenez's*
*Felony Convictions to Misdemeanor Shoplifting*

The People contend Jimenez is ineligible for reduction of his felony convictions to misdemeanor shoplifting because his offenses constitute identity theft (§ 530.5, subd. (a)), which remains a felony under Proposition 47. We disagree.

The first published decision to discuss the interplay between felony identity theft (§ 530.5) and section 459.5 is *People v. Garrett* (2016) 248 Cal.App.4th 82 (*Garrett*).[4] Garrett entered a store and attempted to buy gift cards with a stolen credit card. (*Garrett,* at p. 84.) He pled no contest to commercial burglary and later petitioned for resentencing under Proposition 47. (*Garrett,* at p. 86.) The trial court denied the petition. (*Ibid.*) The Court of Appeal reversed, rejecting the Attorney General's argument that because Garrett intended to commit felony identity theft (§ 530.5), section 459.5 did not apply. (*Garrett,* at pp. 86-90.) The court reasoned: "[E]ven assuming [Garrett] intended to commit felony identity theft, he could not have been charged with burglary under . . . section 459 if the same act -- entering a store with the intent to purchase merchandise with a stolen credit card -- also constituted shoplifting under [s]ection 459.5." (*Id.* at p. 88.) Based on this reasoning, the court held that the use of a stolen credit card to purchase merchandise

_____

[4] The California Supreme Court granted review in *Garrett* and held the case (No. S236012) pending its decision in *Gonzales*. After *Gonzales* was decided, the Court dismissed its grant of review and remanded the matter to the Court of Appeal for issuance of the remittitur. The *Garrett* decision is now final and citable as precedent. (Cal. Rules of Court, rule 8.528(b).)

valued at less than $950 constitutes shoplifting under section 459.5. (*Garrett,* at p. 90.)

Shortly thereafter, our Supreme Court issued *Gonzales.* Gonzales had stolen his grandmother's checkbook and, on two separate occasions, entered a bank and cashed a check he had made out to himself for $125. (*Gonzales*, *supra*, 2 Cal.5th at p. 862.) Gonzales was charged with the felonies of second degree burglary and forgery. He pled guilty to burglary, and the forgery count was dismissed. (*Ibid.*) Gonzales petitioned for misdemeanor resentencing under Proposition 47. (*Gonzales*, at p. 862.) The trial court denied his petition, the Court of Appeal affirmed, but the Supreme Court reversed, holding that the electorate "intended that the shoplifting statute apply to an entry to commit a nonlarcenous theft. *Thus, [Gonzales's] act of entering a bank to cash a stolen check for less than $950, traditionally regarded as a theft by false pretenses rather than larceny, now constitutes shoplifting under the statute.* [Gonzales] may properly petition for misdemeanor resentencing under . . . section 1170.18." (*Ibid*, italics added.)

The Attorney General argued that even if Gonzales did engage in shoplifting, he was ineligible for resentencing because he also entered the bank intending to commit felony identity theft under section 530.5, subdivision (a). (*Gonzales*, *supra*, 2 Cal.5th at p. 876.) The Attorney General's position was that Gonzales's felony burglary conviction could have been based on his separate intent to commit felony identity theft. (*Ibid.*) Relying on *Garrett*, Gonzales responded that section 459.5 precluded such alternate charging because his conduct also constituted shoplifting. (*Gonzales*, at p. 876.) Noting that Gonzales "has the better view," the Supreme Court concluded

7

that "[s]ection 459.5, subdivision (b) requires that any act of shoplifting '*shall be charged* as shoplifting' and no one charged with shoplifting 'may also be charged with burglary or theft *of the same property*.' (Italics added.) A defendant must be charged only with shoplifting when the statute applies. It expressly prohibits alternate charging and ensures only misdemeanor treatment for the underlying described conduct." (*Ibid*.)

The court further explained that the use of the phrase "'the same property'" in section 459.5, subdivision (b) "confirms that multiple burglary charges may not be based on entry with intent to commit different forms of theft offenses if the property intended to be stolen is the same property at issue in the shoplifting charge. Thus, the shoplifting statute would have precluded a burglary charge based on an entry with intent to commit identity theft here because the conduct underlying such a charge would have been the same as that involved in the shoplifting, namely, the cashing of the same stolen check to obtain less than $950. A felony burglary charge could legitimately lie if there was proof of entry with intent to commit a nontheft felony or an intent to commit a theft of other property exceeding the shoplifting limit." (*Gonzales*, *supra*, 2 Cal.5th at pp. 876-877.)

Here, Jimenez's conduct is identical to Gonzales's conduct. They both entered a commercial establishment during business hours for the purpose of cashing stolen checks valued at less than $950 each. Both defendants committed "theft by false pretenses," which "now constitutes shoplifting under [section 459.5, subdivision (a)]." (*Gonzales*, *supra*, 2 Cal.5th at pp. 862, 868-869 [shoplifting as defined in section 459.5, subdivision (a) encompasses all thefts, including theft by false pretenses].)

Section 459.5, subdivision (b) makes it clear that "'[a]ny act of shoplifting as defined in subdivision (a) shall be charged as shoplifting,'" and that "'[n]o person who is charged with shoplifting may also be charged with burglary *or* theft of the same property.'" (*Gonzales*, at p. 863, italics added.) The trial court properly concluded that Jimenez's acts of shoplifting could not be charged as felony identity theft under section 530.5, subdivision (a). (*Gonzales*, at p. 862.) Under section 495, subdivision (b), they could be charged only as misdemeanor shoplifting. (*Gonzales*, at pp. 862, 876-877; see 2 Couzens, Bigelow & Prickett, Sentencing Cal. Crimes (The Rutter Group 2017) § 25:4, p. 25-29 ["If section 459.5 applies, the defendant may not be alternatively charged with burglar[y] or identity theft"].)

In addition, the Supreme Court has rejected the view that obtaining a person's identifying information in the course of a theft is excluded from Proposition 47. In *Romanowski*, the Attorney General argued that the crime of theft of an access card was enacted to protect consumers and therefore should be exempt from section 490.2, the petty theft statute under Proposition 47.[5] (*Romanowski, supra*, 2 Cal.5th at pp. 913-914.) The court disagreed, stating: "The People's argument about 'the statute's broad consumer protection' . . . overlooks the fact that Proposition 47 expressly reduced the punishment for another set of crimes

[5] Section 490.2, subdivision (a) provides, with some exceptions, that "[n]otwithstanding [s]ection 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

9

that serve to protect consumers.  Proposition 47 reduces punishment for 'forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of [such document] does not exceed nine hundred fifty dollars ($950).'  (§ 473, subd. (b).)  Section 473 also protects consumers from fraud and identity theft.  In fact, a check can contain some of the same information that is found on an access card, along with the owner's address and other details that would facilitate identity theft.  Given that Proposition 47 specifically created a $950 threshold for check forgery, we see no reason to infer (against [section] 490.2's plain meaning) that voters implicitly intended to exempt theft of access information simply because this criminal prohibition serves to protect consumers."  (*Id.* at p. 913.)

Proposition 47 is interpreted broadly to accomplish its purpose of reducing the number of nonviolent offenders in state prisons.  (*Gonzales*, *supra*, 2 Cal.5th at p. 870; Voter Information Guide, *supra*, text of Prop. 47, § 15.)  Just as *Romanowski* declined to exempt theft of an access card from the ambit of section 490.2, we reject the People's request to exempt identity theft under section 530.5, subdivision (a) from the purview of shoplifting under section 459.5.  That Jimenez committed identity theft in the course of the shoplifting does not alter the fact that he committed shoplifting.  "A given act may constitute more than one criminal offense.  It follows that a person may enter a store with the intent to commit more than one offense -- e.g., with the intent to commit both identity theft and larceny."  (*Garrett*, *supra*, 248 Cal.App.4th at p. 88, italics omitted.)  Section 459.5, subdivision (b) explicitly addresses this situation by curtailing the prosecution's charging discretion when

10

the conduct qualifies as shoplifting.  (See *Gonzales*, at p. 876 ["A defendant must be charged only with shoplifting when [section 459.5] applies"].)  In sum, section 459.5, subdivision (b) barred the People from charging Jimenez with identify theft under section 530.5, subdivision (a) when his underlying conduct constituted shoplifting.  (*Gonzales,* at pp. 862, 876-877; 2 Couzens, Bigelow & Prickett, *supra*, at § 25:4, p. 25-29.)

We are not persuaded by the People's reliance on either *People v. Huerta* (2016) 3 Cal.App.5th 539 (*Huerta*), or *People v. Segura* (2015) 239 Cal.App.4th 1282 (*Segura*), both of which predate *Gonzales* and *Romanowski*.  Moreover, *Huerta* does not aid the People's position.  The District Attorney in that case argued that Huerta was not eligible to have her burglary conviction redesignated as misdemeanor shoplifting because she committed felony conspiracy during the offense.  (*Huerta,* at pp. 544-545.)  The Court of Appeal determined that under the plain text of section 459.5, "the prosecutors would have been required to charge [Huerta] with shoplifting and could not have charged her with burglary predicated on conspiracy had Proposition 47 been in effect at the time of her offense."  (*Huerta,* at p. 545.)  As a result, Huerta was entitled to have her burglary conviction reclassified as misdemeanor shoplifting.  (*Ibid*.)

The defendant in *Segura* sought relief under Proposition 47 for his conviction of conspiracy to commit a petty theft.  (*Segura, supra,* 239 Cal.App.4th at p. 1284.)  The Court of Appeal determined that Proposition 47 does not apply to convictions for conspiracy.  (*Ibid*.)  The court, however, did not discuss section 459.5 and what effect it has on the prosecution's discretion to charge persons with felony conspiracy for purposes of avoiding the benefits of Proposition 47.  "[I]t is axiomatic that

11

cases are not authority for propositions not considered." (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1176; *People v. Superior Court (Rodas)* (2017) 10 Cal.App.5th 1316, 1323.)

Nor are we persuaded by two recent decisions cited by the People: *People v. Liu* (2018) 21 Cal.App.5th 143 (*Liu*) and *People v. Sanders* (Apr. 17, 2018, D072875) _ Cal.App.5th _ [2018 Cal.App. Lexis 342] (*Sanders*). Not only are the cases distinguishable, but they also do not address *Gonzales.*

The court in *Liu* determined that Liu's conviction for obtaining the identifying information of 10 or more people under section 530.5, subdivision (c) did not qualify for resentencing under Proposition 47. (*Liu, supra*, 21 Cal.App.5th at pp. 150-153.) Liu did not argue, however, that her offense fell within the ambit of section 459.5, and it does not appear that the offense qualifies as shoplifting. The applicable count did not charge Liu with entering a commercial establishment during regular business hours with the intent to commit larceny by taking or intending to take property worth $950 or less. (§ 459.5, subd. (a).) Instead, she was charged with possession of the driver's licenses, social security cards and other personal information of 10 different victims. (*Liu*, at p. 147.)

Although *Liu* broadly suggests that any conviction under section 530.5 is not subject to Proposition 47 relief (*Liu, supra*, 21 Cal.App.5th at pp. 150-153), the only issue before it was the classification of a conviction under section 530.5, subdivision (c). The court had no occasion to consider whether a conviction under section 530.5, subdivision (a) may qualify as shoplifting under section 459.5, subdivision (a). Once again, "cases are not authority for propositions not considered." (*People*

12

*v. Alvarez*, *supra*, 27 Cal.4th at p. 1176; *People v. Superior Court (Rodas)*, *supra*, 10 Cal.App.5th at p. 1323.)

.                    In *Sanders*, the defendant was convicted of two counts of commercial burglary (§ 459) and two counts of identity theft (§ 530.5, subd. (a)).  (*Sanders*, *supra*, _ Cal.App.5th at p. _ [2018 Cal.App. Lexis 342, at p. *1].)  The trial court reclassified Sanders's burglary convictions, reasoning they qualified as shoplifting under section 459.5, but denied her petition to reclassify her identity theft convictions.  (*Sanders*, at p. _ [p. *1].)  On appeal, Sanders did not contend that the identity theft convictions qualified as shoplifting under section 459.5, subdivision (a).  (*Sanders*, at p. _ [pp. *1-2].)  Instead, she argued that the section 530.5 offenses must be deemed petty thefts since the value of the money or merchandise taken during the thefts was less than $950.  (*Sanders*, at p. _ [pp. *1-2].)

The Court of Appeal rejected Sanders's argument, holding that identify theft offenses under section 530.5 are not actually theft offenses.  (*Sanders*, *supra*, _ Cal.App.5th at p. _ [2018 Cal.App. Lexis 342, at p. *6].)  But the case *Sanders* primarily relies upon for this proposition states that "the retention of personal identifying information of another is not a possession crime, but is a *unique theft crime*."  (*People v. Valenzuela* (2012) 205 Cal.App.4th 800, 808, italics added; see also *Gonzales*, *supra*, 2 Cal.5th at p. 862.)  In any event, *Sanders* is inapposite because it did not consider whether Sanders's identity theft convictions are subject to reclassification under section 459.5.

We conclude, based on *Gonzales*, *Romanowski* and *Garrett*, that the trial court properly granted Jimenez's motion to reduce his felony identity theft convictions to misdemeanors.

13

Jimenez met his burden of establishing that his convictions qualified under Proposition 47 as misdemeanor shoplifting offenses.[6]

DISPOSITION

The order granting Jimenez's motion for reduction of his two felony convictions is affirmed.

CERTIFIED FOR PUBLICATION.

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

---

[6] Because we agree with Jimenez that the trial court correctly granted his motion for the reasons stated in its ruling, we need not reach Jimenez's alternative argument that each identity theft charge constituted petty theft under section 490.2.

14

Manuel J. Covarrubias, Judge

Superior Court County of Ventura

_____


Gregory D. Totten, District Attorney, Lisa O. Lyytikainen, Senior Deputy District Attorney, and Michelle Contois, Deputy District Attorney, for Plaintiff and Appellant.

Todd W. Howeth, Public Defender, William M. Quest, Senior Deputy Public Defender, for Defendant and Respondent.