Filed 5/24/19; on transfer

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re E.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>E.P.,<br><br>    Defendant and Appellant. | G054375<br><br>(Super. Ct. No. 16DL0229)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Reversed in part and affirmed in part.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

\*         \*         \*

The juvenile court found minor E.P. committed second degree burglary (Pen. Code, §§ 459, 460, subd. (b) [count 1]; all statutory references are to the Penal Code unless noted), possession of graffiti tools (§ 594.2, subd. (a) [count 2]), receiving stolen property (§ 496, subd. (a) [counts 4-6]), and illegal possession of an alcoholic beverage (Bus. & Prof. Code, § 25662, subd. (a) [count 7]).  We initially concluded that the evidence was insufficient to show that E.P. committed burglary when he stole items from locker rooms in a public ice hockey facility because the prosecution failed to prove that E.P. did not commit the new crime of shoplifting, as defined in Proposition 47.  Because E.P. was not charged with shoplifting, we also concluded there was no bar to charging him with receiving stolen property (counts 4-6).

After issuing our opinion, the California Supreme Court in *People v. Colbert* (2019) 6 Cal.5th 596 (*Colbert*), held that "entering an interior room that is objectively identifiable as off-limits to the public with intent to steal therefrom is not shoplifting, but instead remains punishable as burglary."  (*Id*. at p. 598.)  The high court transferred the matter to us with directions to vacate our decision and reconsider the cause in light of *Colbert*.

*Colbert* does not change our conclusion that the prosecution failed to prove E.P. committed burglary.  The evidence showed the locker rooms of the public ice hockey facility were not "objectively identifiable as off-limits to the public."  (*Colbert, supra,* 6 Cal.5th at p. 598.) Accordingly, we reverse the finding E.P. committed burglary, but affirm the findings he received stolen property and illegally possessed an alcoholic beverage.

I

FACTUAL AND PROCEDURAL BACKGROUND

Anaheim ICE is a public ice hockey facility with two professional-sized ice rinks and a shop.  Between the ice rinks are offices, referee locker rooms, and locker rooms for the players, who must pay to use the rink.

On December 22, 2015, between 10:00 and 11:00 p.m., a hockey referee working a game spotted E.P. and a companion lingering around the locker rooms. The pair walked in and out of the locker rooms several times.

Three players reported items missing from the locker room. One player stated someone had stolen his keys, cell phone, and wallet from his jacket, which he had placed on a locker room bench. A second player reported his pants, wallet, keys, and phone were missing from the bag he left in the locker room. A third player stated someone had taken his wallet, containing credit cards, an amusement park annual pass, and his cell phone from the pants he left on a locker room shelf.

Anaheim police officers responded promptly and detained three youths, including E.P., outside a closed fast food restaurant about a block and a half from the rink. E.P. consented to a search, and officers discovered the property stolen from the locker room.

Officer Olmedo arrested E.P., advised him of his *Miranda* rights and questioned him about the thefts. E.P. admitted possessing the spray paint can officers also found in his possession, explaining he was a tagger, but he initially denied involvement in the thefts. During a later conversation, E.P. admitted he went inside the facility to watch hockey with another "kid" he could not identify. This youth took "stuff" from the locker room and ran out the back of the facility. E.P. eventually admitted stealing a wallet, cell phones, a jersey, an alcohol bottle, and credit cards from the locker room.

At the close of evidence, E.P. moved to dismiss the burglary count under Welfare and Institutions Code, section 701.1, arguing that the prosecution failed to prove

he had not committed shoplifting as defined in section 459.5.[1]  He argued the prosecution failed to present evidence (1) the value of the property taken or intended to be taken was more than $950; (2) the locker room was not part of a commercial establishment; or (3) that he entered the locker room during nonbusiness hours.  E.P. also argued the juvenile court must dismiss the receiving stolen property allegations (counts 4-6) because a person cannot be charged with shoplifting property and receiving the same stolen property under section 459.5. subdivision (b).

In August 2016, the juvenile court sustained the allegations of the petition. In rejecting E.P.'s motion to dismiss the burglary charge, the court concluded the ice rink's locker rooms were not part of the commercial establishment and the crime of shoplifting covered thefts from the business, not from private citizens.  Consequently, the court found true the allegations in the petition against E.P., declared him a ward of the court, and placed him on probation.

II

DISCUSSION

A.  *The Prosecution's Burden of Proof on a Burglary Charge Following Proposition 47*

In November 2014, the electorate enacted Proposition 47, "the Safe Neighborhoods and Schools Act," which amended existing statutes to reduce penalties for certain theft and drug offenses, and added several new provisions.  Per its preamble, the stated purpose was "'to ensure that prison spending is focused on violent and serious offenses'" and to "'[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession.'"  (*People v. Romanowski* (2017) 2 Cal.5th

---

[1]  Welfare and Institutions Code, section 701.1 provides that the juvenile court, "on motion of the minor or on its own motion, shall order that the petition be dismissed and that the minor be discharged from any detention or restriction therefore ordered, after the presentation of evidence on behalf of the petitioner has been closed, if the court, upon weighing the evidence then before it, finds that the minor is not a person described by Section 601 or 602."

903, 909.) "Proposition 47 directs that the 'act shall be broadly construed to accomplish its purposes.'" (*People v. Jimenez* (2018) 22 Cal.App.5th 1282, 1287.)

To accomplish its goal of requiring misdemeanors for nonserious, nonviolent crimes like petty theft, Proposition 47 created a new misdemeanor crime of "shoplifting," which covers conduct that previously would have been classified as a burglary. (*In re J.L.* (2015) 242 Cal.App.4th 1108, 1112. (*J.L.*).) Codified in section 459.5, this new crime is defined in subdivision (a) as follows: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." Subdivision (b) expressly limits the prosecutor's charging discretion: "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

Although the Attorney General acknowledges a person cannot be charged with and convicted of burglary when he or she actually committed shoplifting, he argues that a person who commits shoplifting may simultaneously commit burglary. Section 459 provides that a "person who enters any . . . room, . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." The Attorney General contends Proposition 47 "did not amend section 459's definition of burglary itself to add any additional elements." Consequently, to prove second degree burglary here, the Attorney General concludes the prosecution only needed to prove the elements of burglary under section 459. In other words, it did not have to disprove any elements unique to shoplifting, such as, for example, "the intended theft be of property valued at more than $950." We disagree.

5

"Proposition 47 changed the law [of burglary] by defining a new crime of misdemeanor shoplifting and, in effect, 'carving out' this 'lesser crime' from the 'preexisting felony.' [Citation.]" (*Colbert*, *supra*, 6 Cal.5th at p. 602.) Stated differently, the "new crime of shoplifting . . . displaces the prior felony of second degree burglary." (*People v. Chen* (2016) 245 Cal.App.4th 322, 324.) In defining shoplifting "[n]otwithstanding section 459," section 459.5 amended section 459 to exclude certain wrongful conduct which previously was second degree burglary. Thus, under the facts of this case, E.P. could not simultaneously commit shoplifting and second degree burglary.[2]

A contrary interpretation would run afoul of the express language of section 459.5, subdivision (a). If shoplifting is coextensive with second degree burglary, there would be no need for section 459.5 to state that "[a]ny other entry into a commercial establishment with intent to commit larceny is burglary," as that provision would be superfluous and redundant. (See *Pacific Legal Foundation v. Unemployment Ins. Appeals Bd.* (1981) 29 Cal.3d 101, 114 ["Wherever reasonable, interpretations which produce internal harmony, avoid redundancy, and accord significance to each word and phrase are preferred."].)

Because a person cannot commit burglary if he actually committed shoplifting, a prosecutor who wishes to convict a defendant of burglary must prove the defendant did not commit shoplifting. (See Evid. Code, § 500 ["Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or *nonexistence* of which is essential to the claim for relief or defense that he is asserting." (Italics added)]; Evid. Code, § 501 ["Insofar as any statute, except Section 522 [relating to insanity defense], assigns the burden of proof in a criminal action, such statute is

---

[2]    "A felony burglary charge could legitimately lie if there was proof of entry with intent to commit a nontheft felony or an intent to commit a theft of other property exceeding the shoplifting limit." (*People v. Gonzales* (2017) 2 Cal.5th 858, 877 (*Gonzales*).) The prosecution did not prove those facts occurred in this case.

6

subject to Penal Code Section 1096."]; § 1096 [the People have the burden of proving facts establishing a defendant's guilt beyond a reasonable doubt].) Evidence the defendant committed shoplifting disproves the elements of the charged commercial burglary. Under these circumstances, the court must instruct the jury the prosecution has the burden to disprove the element(s) of shoplifting beyond a reasonable doubt to secure a burglary conviction. (Cf. *Mullaney v. Wilbur* (1975) 421 U.S. 684, 704 ["Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation"]; accord, *People v. Banks* (1976) 67 Cal.App.3d 379, 383-384.)

Proving a crime is not shoplifting may be difficult in some circumstances, but such difficulty does not relieve the prosecution of its burden. Just as a factfinder must calculate the value of stolen property to determine whether a defendant committed a felony or misdemeanor theft crime under Proposition 47, so must the prosecutor evaluate the targeted property to determine whether the crime of shoplifting occurred. (See *People v. Romanowski*, *supra*, 2 Cal.5th at pp. 914, 915 ["fact that stolen access card information is not sold legally does not relieve courts of . . . duty" "to identify how much stolen access card information would sell for"].) Moreover, due to the prohibition against alternate charging in section 459.5, subdivision (b), the prosecution must determine whether the evidence supports charging the crime of shoplifting or burglary. Here, in charging E.P. with burglary rather than shoplifting, the prosecution apparently had no difficulty in gathering the evidence to determine whether it could prove the elements of a burglary or whether it should charge E.P. with shoplifting. Thus, it would not be onerous

7

for the prosecution to produce that same evidence at trial.  In sum, the prosecution had the burden of proving beyond a reasonable doubt that E.P. did not commit shoplifting.[3]

B. *Insufficient Evidence Supports the Burglary Finding*

Here, the juvenile court denied E.P.'s motion to dismiss the burglary count on two grounds.  First, the court ruled that shoplifting requires "stealing property from a commercial establishment, not from private citizens."  Second, it concluded that although the locker room was in a commercial establishment, the locker room was for the use of "private citizens" and therefore not part of the commercial establishment.  E.P. contends the juvenile court erred when it found his theft of items taken from an open locker room inside a commercial hockey rink was a burglary and not shoplifting.  Based on the reasoning in decisions issued after the court found E.P. committed a burglary, we conclude there was insufficient evidence to support the court's finding on the burglary count.

In determining whether the juvenile court erred, we accept the court's factual findings if supported by substantial evidence, but review de novo the court's legal conclusions (1) that stealing property from private citizens is not shoplifting and (2) that the ice rink's locker room was not part of a "commercial establishment" within the meaning of section 459.5.

Shoplifting is defined in section 459.5 "as entering an open commercial establishment during regular business hours with the intent to commit 'larceny' of property worth $950 or less." (*Gonzales*, *supra*, 2 Cal.5th at p. 862.)  Section 459.5 does not distinguish between property belonging to a commercial establishment and property belonging to private citizens.  The juvenile court's ruling that a person can commit

_____

[3]     Our holding does not affect the burden of proof on a petition for resentencing of a burglary conviction to a shoplifting conviction under Proposition 47.  The petitioner has the burden to demonstrate eligibility for resentencing relief.  (*People v. Romanowski*, *supra*, 2 Cal.5th at p. 916; *People v. Sherow* (2015) 239 Cal.App.4th 875, 880.)

8

shoplifting only if he or she intends to steal property from the commercial establishment erroneously adds an element not included within the statutory definition of shoplifting. Accordingly, the court erred in ruling that as a matter of law E.P.'s theft of property from private citizens could never be shoplifting. (See *id*. at p. 871 [as defined in section 459.5, shoplifting is a "term of art, which must be understood as it is defined, not in its colloquial sense"]; *People v. Bunyard* (2017) 9 Cal.App.5th 1237, 1245 [shoplifting as defined in section 459.5 not limited only to "theft of merchandise or goods displayed for sale"].)

The juvenile court also denied E.P.'s motion to dismiss because it concluded that although the ice rink is a commercial establishment, the rink's locker room was not part of the commercial establishment. In *Colbert*, *supra*, our Supreme Court addressed whether the nonpublic areas of a business structure form part of the "'commercial establishment'" covered by the shoplifting statute. (*Colbert, supra*, 6 Cal.5th at pp. 600-601.) There, the defendant entered the private offices of a convenience store and a gas station and stole about $300 on two separate occasions. (*Id*. at p. 598-599.) The defendant petitioned to redesignate the two burglary convictions as shoplifting misdemeanors, but the trial court denied the petition. The appellate court affirmed the denial of the defendant's petition on the ground that the private offices were not part a "'commercial establishment'" covered by section 459.5. (*Id*. at pp. 600-601.)

The high court concluded that nonpublic areas are not part of a commercial establishment for the purposes of the shoplifting statute. It explained that the core of the crime of burglary is physical intrusion. "[O]wners and employees have every reason to expect that members of the public will enter where they have been invited. [¶] But it is different when members of the public venture into private back offices, employee locker rooms, or other interior rooms that are objectively identifiable as off-limits. The nature of the intrusion, and the potential risk to personal safety, when a person exceeds the *physical* scope of his or her invitation to enter are not dissimilar from those associated

9

with exceeding the *temporal* scope of the invitation by entering after regular business hours—conduct that clearly remains punishable as burglary after the enactment of section 459.5." (*Colbert*, *supra*, 6 Cal.5th at p. 607.) Thus, even if a nonpublic area is part of the physical structure of a commercial establishment, entry into the nonpublic area with intent to steal remains punishable as burglary, not shoplifting. (*Id*. at pp. 604, 608.)

Here, the evidence was insufficient to show that Anaheim ICE's locker rooms were "objectively identifiable as off-limits to the public." (*Colbert*, *supra*, 6 Cal.5th at p. 608.) The locker rooms were located between the ice rinks, facilitating player and referee access. No evidence showed management locked the locker rooms, displayed signs prohibiting entry, or took other steps to prevent public access by family, friends, or bystanders watching the skaters. To the contrary, the evidence establishes a public use. The players' use of the locker rooms shows Anaheim ICE offered this amenity to its customers, a feature presumably reflected in the fees the facility charged its customers. Accordingly, the evidence does not support the Attorney General's contention the locker room was not part of Anaheim ICE's commercial establishment.

In addition, there is insufficient evidence in the record to sustain the court's denial of the motion to dismiss the burglary count on other grounds. As stated above, to obtain a burglary conviction, the prosecution had to prove that E.P.'s theft was not shoplifting. Aside from proving the locker room was not part of a commercial establishment, the prosecution could have negated a finding of shoplifting by proving either that the stolen property was worth more than $950 or that E.P. did not enter the locker room when it was "open during regular business hours." (§ 459.5, subd. (a).) The prosecution, however, produced no substantial evidence on either issue. While evidence was presented about the items that were taken, the value of the stolen items was not obvious and no valuation opinion was presented. The prosecution also did not present testimony about the regular business hours of Anaheim ICE. Thus, the prosecution failed

10

to prove that E.P. did not commit shoplifting and therefore failed to prove he committed second degree burglary.

In sum, the juvenile court erred in denying E.P.'s motion to dismiss the burglary count either on the ground that stealing from private citizens is outside the statutory definition of shoplifting or on the ground that the locker room was not part of a commercial establishment. No other ground supports the court's denial. Accordingly, we reverse the juvenile court's order declaring E.P.'s offense a second degree burglary.

C. *Receiving Stolen Property (Counts 4-6)*

E.P. argues "[b]ecause [he] committed an act of shoplifting, he cannot also be prosecuted for the crimes of receiving stolen property. One cannot be convicted of both stealing and receiving the same property." (See § 459.5, subd. (b) ["[a]ny act of shoplifting . . . shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property"]; § 496, subd. (a) [every person who conceals or withholds stolen property from the owner knowing the property is stolen commits a crime; a principal in the actual theft of the property may be convicted pursuant to this section but no person may be convicted both pursuant to this section and of the theft of the same property]; *People v. Ceja* (2010) 49 Cal.4th 1, 3 [theft conviction operates as a bar to a receiving conviction].) The Attorney General concedes that if E.P.'s offense was shoplifting, he cannot be prosecuted for receiving stolen property. But E.P. was not charged with shoplifting, and the juvenile court did not find that he committed shoplifting. Our reversal of the court's finding on the burglary count is not a finding that E.P. actually committed shoplifting. We merely concluded the prosecution failed to prove beyond a reasonable doubt that the crime was not shoplifting. Moreover, E.P. does not contend there was insufficient evidence to support the true findings on the receiving stolen property counts. Accordingly, we affirm the juvenile court's findings on counts 4, 5, and 6.

11

## III

### DISPOSITION

The judgment finding the minor committed burglary (count 1) is reversed. The judgment finding possession of graffiti tools (count 2), receipt of stolen property (counts 4, 5, and 6) and possession of alcohol by a minor (count 7) is affirmed.

ARONSON, ACTING P. J.

WE CONCUR:

FYBEL, J.

THOMPSON, J.