Filed 1/12/23  P. v. Jimenez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ANGEL JIMENEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B316995<br>(Super. Ct. No. 2016041618)<br>(Ventura County) |

A jury convicted Miguel Angel Jimenez on two counts of identity theft.  (Pen. Code, § 530.5, subd. (a).)[1]  The trial court reclassified the convictions as misdemeanor shoplifting and sentenced Jimenez to 360 days in county jail with credit for time served.  Jimenez did not challenge his conviction or sentence. The People, however, appealed the reclassification ruling.  We affirmed the sentence in a prior opinion.  (*People v. Jimenez* (2018) 22 Cal.App.5th 1282.)  The Supreme Court reversed and instructed this Court to remand the case for resentencing based

---

    [1] All further statutory references are to the Penal Code unless otherwise stated.

on the identity theft convictions rather than shoplifting. (*People v. Jimenez* (2020) 9 Cal.5th 53, 72.)

The trial court resentenced Jimenez to five years and four months in prison. He appeals, arguing the trial court abused its discretion by: (1) denying his request to reduce his convictions to misdemeanors under section 17, subdivision (b); and (2) denying his motion to strike a prior serious or violent felony under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[2]

On two different occasions, Jimenez entered Loan Plus, a commercial check-cashing business, and cashed a check from Outer Wall, Inc., made payable to himself. The checks were valued at $632.47 and $596.60, respectively. Outer Wall later confirmed it did not issue them to Jimenez.

The People filed an information charging Jimenez with two felony violations of section 530.5, subdivision (a), unauthorized use of the personal identifying information of another.[3] They further alleged Jimenez had a prior strike conviction in 2015 for assault with a deadly weapon plus a prison prior.

---

[2] The facts are recited in significant parts from our prior opinion (*People v. Jimenez, supra,* 22 Cal.App.5th 1282), of which we take judicial notice on our own motion.

[3] Section 530.5, subdivision (a) provides, in relevant part: "Every person who willfully obtains personal identifying information, as defined in subdivision (b) of Section 530.55, of another person, and uses that information for any unlawful purpose, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information without the consent of that person, is guilty of a public offense . . . ."

Jimenez admitted the special allegations after a jury convicted him of both counts. He also moved to reduce the convictions to misdemeanors pursuant to Proposition 47 (§ 1170.18, subds. (d)-(g)) and *People v. Gonzales* (2017) 2 Cal.5th 858 (*Gonzales*). Jimenez asserted his conduct constituted misdemeanor shoplifting under section 459.5, subdivision (a), as interpreted by our Supreme Court in *Gonzales*. The trial court granted Jimenez's motion over the People's objection. Following reclassification of the convictions as misdemeanors, the trial court sentenced Jimenez to two consecutive six-month terms. It awarded Jimenez presentence credit and deemed his sentence served. In our prior opinion, we upheld the trial court's determination based on then-existing precedent.

The Supreme Court granted review and concluded that a felony conviction for misusing identifying information was not subject to reclassification as misdemeanor shoplifting under *Gonzales*. It instructed this Court to remand the case for resentencing based on the identity theft convictions. Following remittitur, appellant again requested the trial court reduce his offenses to misdemeanors but now based his motion on section 17, subdivision (b). He also moved to strike his 2015 conviction in furtherance of justice under *Romero*. The trial court denied both motions and sentenced him to five years and four months in prison.[4] It denied appellant's motion for reconsideration. He appealed.

---

[4] This included a midterm sentence of two years on count one plus a consecutive term of eight months on count two, both doubled under the Three Strikes law. The trial court granted appellant's motion to strike the prior prison term enhancement. It awarded him a total of 1,038 days of presentence credit.

3

DISCUSSION

*A. Motion to Reduce Convictions to Misdemeanors*
*Under Section 17, subdivision (b)*

Section 17, subdivision (b), provides: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant [without imposition of sentence] and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

Trial courts possess broad discretion in determining whether to reduce a "wobbler" to a misdemeanor pursuant to section 17, subdivision (b). (*People v. Bonilla* (2018) 29 Cal.App.5th 649, 660-661.) "[T]he court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) The factors relevant to this inquiry "may include those relevant to sentencing decisions, such as the circumstances of the offense, the defendant's appreciation of and attitude toward the offense, and the defendant's character as evidenced by the defendant's behavior and demeanor at the trial." (*People v. Mullins* (2018) 19 Cal.App.5th 594, 611.) A trial court abuses its discretion "if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for

4

decision." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) Appellant bears the burden of showing the court's decision was irrational or arbitrary, and in the absence of such a showing the decision will not be disturbed on appeal. (*Bonilla,* at p. 661.)

Appellant contends he falls "outside the spirit of the Three Strikes Law" because he is an older offender (age 39 at the time of resentencing) whose mostly non-violent criminal record tracks his struggle with drug addiction. The trial court had reason to question this narrative. Appellant continued to have contact with law enforcement after his latest conviction, violated the terms of probation, and repeatedly failed to appear in court on unrelated charges. The court noted that appellant's drug addiction was not raised at trial or his initial sentencing. We find no abuse of discretion denying the motion to reduce the convictions where the underlying conduct was clearly felonious and appellant's post-conviction conduct pointed so clearly toward recidivism.

### B. Motion to Strike 2015 Conviction Under Romero

A trial court deciding a *Romero* motion must "'consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) We review *Romero* rulings for abuse of discretion. (*Id.* at p. 376.)

A jury convicted appellant in 2015 for pistol-whipping a neighbor in his own driveway after refusing to give appellant money. He contends the trial court should have granted his *Romero* motion for the same reasons it should have reduced his

5

identity theft charges to misdemeanors. We again find no abuse of discretion. The nature of the assault and appellant's ongoing criminal conduct provided ample grounds for the trial court to conclude appellant fell within the scope of the Three Strikes laws.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.*

We concur:

GILBERT, P.J.

BALTODANO, J.

---

* Judge of the Superior Court of Ventura County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Manuel J. Covarrubias, Judge
Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.